IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEON JOHNSON, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:03-CV-139-L |
| | ) | ECF |
| NATHANIEL QUARTERMAN, | ) | |
| Director TDCJ-CID, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Procedural Background**

On August 6, 1999, Petitioner pled guilty to three offenses: (1) delivery of one gram or more but less than four grams of cocaine in cause number F-9851656-WU; (2) delivery of less than one gram of cocaine in cause number F-9851654-WU; and (3) possession of one gram or more but less than four grams of cocaine in cause number F-9851666-VU. The trial court sentenced Petitioner to twenty-five years confinement on cause numbers F-9851656-WU and F-9851666-VU, and twenty years confinement on cause number F-9851654-WU, to run concurrently. On April 16, 2001, the Fifth District Court of Appeals affirmed the convictions.

*Johnson v. State*, Nos. 05-99-01379-CR, 05-99-01380-CR, and 05-99-01381-CR.[1]  On October 10, 2001, the Court of Criminal Appeals denied the petitions for discretionary review.

On June 14, 2002, Petitioner filed three state applications for habeas corpus relief.  *Ex parte Johnson*, Application Nos. 33,137-03, -04, -05.  On December 18, 2002, the Court of Criminal Appeals denied the applications on the findings of the trial court without a hearing.

On January 16, 2003, Petitioner filed a federal petition for writ of habeas corpus.  On October 29, 2004, the petition was denied.  Petitioner filed an appeal with the Fifth Circuit Court of Appeals.  On February 12, 2007, the Fifth Circuit reversed the District Court's order as to one claim.  The Fifth Circuit found that one of Petitioner's ineffective assistance of counsel claims was not procedurally barred.  The Fifth Circuit remanded the issue back to the District Court.  The undersigned magistrate judge now finds that Petitioner's claim should be denied.

## II.  Discussion

**1.    Standard of Review**

The pertinent terms AEDPA state:

(d)    An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

  (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

  (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

---

[1] The appellate court modified the judgment in cause number F-9851654-WU to reflect that the conviction was for a state jail felony and affirmed it as modified.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -2-

28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

This amendment applies to all federal habeas corpus petitions which are adjudicated on the merits in state court after April 24, 1996. *See Lindh*, 521 U.S. at 336. The petition in this case is subject to review under the AEDPA.

**2.      Ineffective Assistance of Counsel**

Petitioner argues his counsel was ineffective for failing to object to the arrest and search warrant. He argues that the police officer altered the warrant after it was signed by the magistrate judge by crossing out the name "John Doe" and substituting Petitioner's name.

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

The record in this case reflects that the warrant was not altered. *Ex parte Johnson,* No. 33,137-03 at 32; -04 at 33; -05 at 29. Instead, one of the *affidavits* for the arrest warrant was changed from "John Doe" to "Johnson, Leon." The affidavit states that the affiant, Officer Davis, went to an apartment where she purchased drugs from Petitioner, whom she named "John Doe" in two affidavits, and simply described him in a third affidavit. At the time that Officer Davis obtained the search warrant for the apartment and the arrest warrant for Petitioner, she described Petitioner's height, weight, approximate age, race, gender, and hair. *Ex parte Johnson*, No. 33,137-03 at 31; -04 at 32 and -05 at 23, 26-27, 31-32. Petitioner has not shown that it was unlawful for Officer Davis to supply the name of Petitioner once his name was discovered.[2] Identity was not an issue, since Officer Davis bought the drugs from Petitioner, described his appearance and his location.

Additionally, once a petitioner pleads guilty, all non-jurisdictional defects in the proceedings are waived except for claims of ineffective assistance of counsel relating to the voluntariness of the plea. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000); *Nelson v.*

---

[2] The record also does not reflect when Petitioner's name was added to the affidavit.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -4-

*Hargett*, 989 F.2d 847, 850 (5th Cir. 1993); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). Petitioner's claim is non-jurisdictional. It also does not appear to relate to the voluntariness of the plea. Petitioner's counsel filed a motion to suppress. (Clerk's Record No. F-9851656-WU at 11-15). By agreement of the parties and the court, this motion was carried forward to trial. (Trial Tr. Vol. 1 at 6). On the first day of trial, the jury was selected. On the second day, before any testimony was heard, Petitioner pled guilty to the charges. If Petitioner had proceeded to trial, Petitioner's counsel may have argued this claim in his motion to suppress.

Petitioner has failed to establish that his counsel was deficient and that the results of the proceedings would have been different but for counsel's alleged error. Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' decision to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

## RECOMMENDATION

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 25th day of June, 2007.

_____
**PAUL D. STICKNEY**
**UNITED STATES MAGISTRATE JUDGE**

**INSTRUCTIONS FOR SERVICE AND**
**<u>NOTICE OF RIGHT TO OBJECT</u>**

The United States District Clerk shall serve a copy of these findings and recommendations on the parties.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy.  A party filing objections must specifically identify those findings and recommendations to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court.  *See Thomas v. Arn*, 474 U.S. 140 (1985).  Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).